J-S43030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                        :            PENNSYLVANIA
                                                         :

              v.                                             :
                                                         :
                                                         :

ALHAJI BAKARIE SARR-DAFFEE       :  
                                                         :

             Appellant              :     No. 308 MDA 2019

Appeal from the Order Entered January 18, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004420-2013

BEFORE:    GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:            **FILED SEPTEMBER 12, 2019**

Appellant, Alhaji Sarr-Daffee, appeals *pro se* from the January 18, 2019 Order entered in the Berks County Court of Common Pleas dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The relevant facts and procedural history are as follows. On August 21, 2013, Appellant robbed the Riverfront Federal Credit Union in Reading of approximately $2,200. Police apprehended Appellant on a Reading street shortly after the robbery and recovered the stolen money.

Appellant proceeded to trial where, on July 17, 2014, a jury convicted him of Robbery—Threat of Immediate Serious Injury, Robbery—Demand Money from Financial Institution, Theft by Unlawful Taking or Disposition,

---

\*    Former Justice specially assigned to the Superior Court.

Receiving Stolen Property, Resisting Arrest or Other Law Enforcement, and False Identification to Law Enforcement Authorities.[1, 2]

On August 29, 2014, the court sentenced him to 6-15 years' imprisonment for Robbery—Threat of Immediate Serious Injury and a consecutive 1-2 years' imprisonment for Resisting Arrest or Other Law Enforcement.[3]  On September 2, 2014, Appellant timely filed Post-Sentence Motions, which the court denied on October 7, 2014, after conducting a hearing on October 3, 2014.

Appellant timely appealed from his Judgment of Sentence, which this Court affirmed on May 22, 2015.[4]  ***See Commonwealth v. Sarr-Daffee***, 122 A.3d 456 (Pa. Super. 2015).  Appellant did not file a timely Petition for Allowance of Appeal.[5]  Appellant's Judgment of Sentence, thus, became final on June 22, 2015.[6]  ***See*** Pa.R.A.P. 903; 42 Pa.C.S. § 9545(b)(3).

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii) and (vi); 3921(a); 3925(a); 5104; and 4914, respectively.

[2] Roarke Aston, Esquire, represented Appellant at trial.

[3] The court imposed no further penalties on Appellant's remaining convictions and granted him 365 days' credit for time served.

[4] Richard Joyce, Esquire, represented Appellant on direct appeal.

[5] The Pennsylvania Supreme Court denied his Petition for Leave to file a Petition for Allowance of Appeal *Nunc Pro Tunc* on December 10, 2015.

[6] June 21, 2015, the thirtieth day after this Court affirmed Appellant's Judgment of Sentence, fell on a Sunday.

On May 20, 2016, Appellant *pro se* filed the instant PCRA Petition claiming that his appellate counsel had rendered ineffective assistance. On May 26, 2016, the PCRA court appointed Osmer S. Deming, Esquire, to represent Appellant. Counsel requested, and the PCRA court granted, numerous requests for extensions of time to file an amended PCRA Petition. Ultimately, on May 29, 2018, counsel filed a **Turner**/**Finley**[7] "no-merit" letter and Petition to Withdraw as Counsel. In his "no-merit" letter, counsel reviewed Appellant's ineffectiveness of counsel claims, and addressed two additional issues that Appellant indicated to counsel that he wished to raise, and concluded the issues lacked merit.[8]

On July 30, 2018, Appellant *pro se* filed his "Response to Post Conviction Relief (20) Day Dismissal." In this "Response," Appellant alleged that he is serving an illegal sentence. In particular, Appellant claimed that because his two convictions for Robbery offenses pursuant to 18 Pa.C.S. §§ 3701(a)(1)(ii) and (vi) arose out of one single criminal act, his "multiple sentences" are illegal. Response, 7/30/18, at 1-3 (unpaginated). Appellant also asserted that the PCRA court should permit his PCRA counsel to withdraw. **Id.** at 3 (unpaginated).

---

[7] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[8] In particular, counsel noted that Appellant sought to raise a claim that the trial court lacked subject matter over him and that the Commonwealth's identification evidence at trial had been tainted.

On December 17, 2018, the PCRA court notified Appellant and counsel of its intent to dismiss Appellant's Petition without a hearing pursuant to Pa.R.Crim.P. 907. Neither Appellant nor counsel filed a response to the court's Rule 907 Notice. On January 18, 2019, the PCRA court dismissed Appellant's Petition as meritless.[9]

On February 8, 2019, the PCRA court entered an Order permitting Attorney Deming to withdraw as counsel. On February 9, 2019, Appellant filed a Notice of Appeal from the order dismissing his PCRA Petition. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following four issues in his *pro se* Brief:

1. Did the lower court abuse its discretion when it ruled Appellant's PCRA claim that appellate counsel was ineffective for failure to raise a preserved insufficiency of the evidence claim on direct appeal that was preserved by PCRA counsel Roarke Aston, Esq., was meritless and not cognizable under the PCRA?

2. Did the lower court abuse its discretion when it ruled Appellant's PCRA claim that appellate counsel was ineffective for failure to raise a preserved claim that the verdict was

---

[9] After the dismissal of the instant PCRA Petition and before filing an appeal, on January 23, 2019, Appellant *pro se* filed a new PCRA Petition re-raising the ineffective assistance of counsel claims he raised in his first PCRA Petition and also asserting that his PCRA counsel, Attorney Deming, had abandoned him. It appears that disposition of this Petition is pending in the PCRA court.

On February 5, 2019, the PCRA court notified Appellant and counsel that it had scheduled a **Grazier** hearing for April 4, 2019. **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). It is unclear from the record why the court scheduled this **Grazier** hearing given that the PCRA court had already dismissed the first PCRA Petition as meritless and a petitioner is not entitled to the representation of counsel for a subsequent PCRA Petition.

against the weight of the evidence was meritless and not cognizable under the PCRA?

3. Did the lower court abuse its discretion when it ruled Appellant's PCRA claim of ineffective assistance of PCRA counsel Deming for abandonment of PCRA counsel was meritless and not cognizable under the PCRA?

4. Was PCRA counsel ineffective for failing to raise the ineffectiveness of trial counsel for failing to move to suppress the tainted/improper/unduly suggestive identification of Commonwealth witness Samantha Dix?

Appellant's Brief at 5.

In his first two issues, Appellant purports to challenge the trial court's determination that his claims of ineffective appellate counsel lack merit.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record supports them. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." *Id.* To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness,

- 5 -

there is a reasonable probability that the outcome of the challenged proceeding would have been different." **Commonwealth v. Fulton**, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. **Commonwealth v. Jones**, 811 A.2d 994, 1002 (Pa. 2002).

Appellant first claims that his appellate counsel was ineffective for failing to raise a sufficiency of the evidence claim on direct appeal. Appellant's Brief at 16. Appellant does not, however, plead and prove by a preponderance of the evidence any of the prongs of the ineffective assistance of counsel test in support of this claim. Rather, Appellant merely summarizes the evidence the Commonwealth presented at trial and baldly claims that it was insufficient to sustain his convictions. **Id.** at 13-16. In light of Appellant's failure to plead and prove that his appellate counsel was ineffective, Appellant is not entitled to relief on this claim.

In his second issue, Appellant claims that his appellate counsel was ineffective for failing to challenge the weight of the evidence on direct appeal. In an attempt to plead and prove the prongs of the ineffectiveness test, Appellant baldly asserts that based on "the facts and evidence in the record:" (1) his weight claim is of arguable merit; (2) counsel had no reasonable basis to fail to raise this claim; (3) counsel's failure to raise this claim has prejudiced him; and (4) had counsel raised this claim, the outcome of his case would have been different. **Id.** at 17-19. Appellant has not developed his argument

beyond these bald assertions. Thus, we conclude that Appellant is not entitled to relief on this claim.

In his final two issues, Appellant challenges the effectiveness of PCRA counsel Attorney Deming. *Id.* at 20-23, 24-29. First, Appellant alleges that Attorney Deming abandoned him by failing to communicate with Appellant prior to filing a ***Turner/Finley*** "no-merit" letter and by doing "nothing except collect fees as court-appointed counsel for two (2) years, while doing absolutely nothing to act as Appellant's advocate." *Id.* at 21-22. Second, he claims that Attorney Deming was ineffective for failing to raise a claim that Appellant's trial counsel had been ineffective by not moving to suppress the identification testimony of Samantha Dix. *Id.* at 24-29.

This Court's review of the record indicates that Appellant raised the issue of PCRA counsel's effectiveness for the first time in his Rule 1925(b) Statement.[10] Because he advanced this issue for the first time on appeal from the denial of his Petition, it is waived, and we shall not further consider it. ***See Commonwealth v. Rigg***, 84 A.3d 1080, 1085 (Pa. Super. 2014) (concluding appellant cannot challenge the effectiveness of PCRA counsel's assistance for first time in Rule 1925(b) statement); ***see also Commonwealth v. Henkel***, 90 A.3d 16, 29-30 (Pa. Super. 2014) (*en banc*)

---

[10] As noted above, Appellant has also raised this claim in the still-pending *pro se* second PCRA Petition he filed on January 23, 2019.

(same); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[11]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2019

---

[11] To the extent that Appellant raised a non-waivable claim in his "Response" to counsel's **Turner**/**Finley** "no-merit" letter that he is serving an illegal sentence because the court sentenced him to two separate sentences for his Robbery convictions, Appellant is mistaken. This Court's review of the record indicates that the trial court sentenced him to a term of 6 to 15 years' incarceration for his Robbery—Threat of Immediate Serious Injury conviction, but imposed no further penalty for his Robbery—Demand Money from Financial Institution conviction.